

**U.S. Department of Justice**

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

October 1, 2021

Jason Benzaken, Esq.
Benzaken & Wood, P.C.
1342 Belmont Street, Suite 102
Brockton, MA 02301

      Re:    <u>United States v. Djuna Goncalves</u>
              Cr. No. 18-10468-NMG

Dear Attorney Benzaken:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Djuna Goncalves, ("Defendant") agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      On the earliest practicable date, Defendant will waive Indictment and plead guilty to Counts One through Eight of the Superseding Information, charging the following:

- Count One: conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, marijuana, cocaine, cocaine base, oxycodone, and 400 grams or more of fentanyl, in violation of Title 21, United States Code, Section 846;

- Count Two: possession with intent to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(i);

- Counts Three and Seven: being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1);

- Counts Four and Eight: possession of a firearm in relation to a drug trafficking

1

offense, in violation of Title 18, United States Code, Section 924(c);

- Count Five: possession with intent to distribute fentanyl and aiding and abetting, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and

- Count Six: possession with intent to distribute 40 grams or more of fentanyl, cocaine, cocaine base, and marijuana and aiding and abetting, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(i), and Title 18, United States Code, Section 2.

Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

With respect to Count One, Defendant admits that 400 grams or more of fentanyl, a Schedule II controlled substance, were reasonably foreseeable by and are attributable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi), is applicable to him. Defendant further admits that with respect to Count One, 100 grams or more of heroin, a Schedule I controlled substance, were reasonably foreseeable by and are attributable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i), is applicable to him.

The U.S. Attorney agrees not to file an Information pursuant to Title 21, United States Code, Section 851, in this matter.

2.  **Penalties**

Defendant faces the following mandatory minimum and maximum penalties:

- Count One: incarceration for at least ten years and up to life; supervised release for at least five years up to life; and a fine of up to $10 million.

- Counts Two and Six: incarceration for at least five years and up to forty years; supervised release for at least four years up to life; and a fine of up to $5 million.

- Counts Three and Seven: incarceration for up to ten years; supervised release for up to three years; and a fine of up to $250,000.

- Counts Four and Eight: incarceration for at least five years and up to life, to be served from and after the sentence imposed on the respective named drug trafficking counts; supervised release for up to five years; and a fine of up to $250,000.

- Count Five: incarceration for up to twenty years; supervised release for at least three years and up to life; and a fine of up to $1 million.

Defendant faces a mandatory special assessment of $100 on each count of conviction and forfeiture to the extent charged in the Superseding Information.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 33:

a) Defendant's base offense level is 30, because he is accountable for at least 1,000 kilograms but less than 3,000 kilograms of converted drug weight (USSG § 2D1.1(c)(5));

b) Defendant's offense level is increased by four levels, because Defendant was a leader or organizer of a criminal activity that involved five or more people or was otherwise extensive (USSG §3B1.1);

c) Defendant's offense level is increased by two levels, because Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance (USSG § 2D1.1(b)(12)); and

d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration for 308 months;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 120 months of supervised release;

    d) a mandatory special assessment of $800, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 6.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights but agrees to give up certain of these rights. Specifically, Defendant agrees that:

    a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) He will not challenge any prison sentence of 180 months or less or any court orders relating to forfeiture, fines, or supervised release. This provision is binding even if the Court's Guidelines analysis is different from the one in this Agreement.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether he later changes</u>

4

his mind or finds new information that would have led him not to agree to give up these rights in the first place.

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal,

state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Christopher Pohl.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *(signature)*
Katherine Ferguson
Acting Chief, Narcotics and Money
Laundering Unit

*(signature)*
Christopher Pohl
Alathea E. Porter
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Djuna Goncalves
Defendant

Date: 10/5/21

I certify that Djuna Goncalves has read this Agreement and that we have discussed what it means. I believe Djuna Goncalves understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Jason Benzaken, Esq.
Attorney for Defendant

Date: 10/7/21

7